**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **ORLANDO BRENT TASBY,** | ) | **CHAPTER 13** |
| **CAMELLE DENISE TASBY,** | ) | |
| | ) | **CASE NO. 13-40342** |
| **DEBTORS.** | ) | |
| - - - - - - - - - - - - - - - - - - - - - - - - | ) | **JUDGE: JOHN T. LANEY, III** |
| | ) | |
| **FREEDOM MORTGAGE** | ) | |
| **CORPORATION,** | ) | - - - - - - - - - - - - - - - - - - - - - - - - - - |
| | ) | |
| **MOVANT.** | ) | |
| | ) | |
| V. | ) | **CONTESTED MATTER** |
| | ) | |
| **ORLANDO BRENT TASBY,** | ) | |
| **CAMELLE DENISE TASBY,** | ) | |
| **KRISTIN HURST, TRUSTEE,** | ) | |
| | ) | |
| **RESPONDENTS.** | ) | |

## <u>NOTICE OF HEARING</u>

NOTICE IS HEREBY GIVEN that a Motion for Relief from the Automatic Stay has been

filed in the above-styled case.  If a hearing cannot be held within thirty (30) days from the filing

of the Motion for Relief of Stay as required by 11 U.S.C. § 362, Movant, by and through counsel,

waives this requirement and agrees to the next earliest possible hearing date, as evidenced by the

signature below.  The undersigned consents to the automatic stay (and any related co-debtor stay)

remaining in effect with respect to Movant until the Court orders otherwise.

HEARING will be held on the 2nd day of November, 2016, at 2:00 pm, in Columbus

Courthouse, U. S. Bankruptcy Court, Middle District of Georgia, 901 Front Avenue, One Arsenal

Place, Columbus, Georgia 31902.

Within three (3) days of the date of this Notice, Movant's attorney, or a pro se Movant,

shall serve the Motion and this Notice upon the Debtor(s) and the Trustee, and their attorneys of record, and shall file a Certificate of Service within three (3) days of service. Your rights may be affected by the Court's ruling on these pleadings.  You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)  If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing.  You may also file a written response to the pleadings with the Clerk at the address stated below, but you are not required to do so.  If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response.  Mail or deliver your response so that it is received by the Clerk at least two (2) business days before the hearing. The address of the Clerk's office is: Clerk, United States Bankruptcy Court, Middle District of Georgia, P. O. Box 2147, Columbus, Georgia 31902.  You must also mail a copy of your response to the undersigned at the address stated below.

DATED: October 7, 2016

WEISSMAN

*/S/ C. Brent Wardrop*
C. Brent Wardrop, Esq
Georgia Bar No. 553733
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
Tel.: 404-926-4500 / Fax: 404-926-4600
brentw@weissman.law
ATTORNEYS FOR MOVANT

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **ORLANDO BRENT TASBY,** | ) | **CHAPTER 13** |
| **CAMELLE DENISE TASBY,** | ) | |
| | ) | **CASE NO. 13-40342** |
| **DEBTORS.** | ) | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - | ) | **JUDGE: JOHN T. LANEY, III** |
| | ) | |
| **FREEDOM MORTGAGE** | ) | |
| **CORPORATION,** | ) | - - - - - - - - - - - - - - - - - - - - - - - - - - - - - |
| | ) | |
| **MOVANT.** | ) | |
| | ) | |
| V. | ) | **CONTESTED MATTER** |
| | ) | |
| **ORLANDO BRENT TASBY,** | ) | |
| **CAMELLE DENISE TASBY,** | ) | |
| **KRISTIN HURST, TRUSTEE,** | ) | |
| | ) | |
| **RESPONDENTS.** | ) | |

<u>**MOTION FOR RELIEF FROM AUTOMATIC STAY AND**</u>
<u>**WAIVER OF 30-DAY REQUIREMENT UNDER § 362(E)**</u>

Freedom Mortgage Corporation ("Movant"), by and through its undersigned counsel, and pursuant to Rules 4001 and 9014 of the Bankruptcy Rules and § 362(d) of the Bankruptcy Code, requests relief from the automatic stay provided by § 362(a) of the Bankruptcy Code and waiver of the 30-day requirement under § 362(e).  In support thereof, Movant alleges as follows:

1.

On or about December 27, 2011, Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Investors Corporation ("Original Lender") made a secured loan to Debtors, ORLANDO BRENT TASBY and CAMELLE DENISE TASBY, in the principal amount of $422,173.00 ("Loan").  The Loan is evidenced and secured by a promissory note ("Note") and a security deed ("Security Deed") encumbering that certain real property known as

3

2510 MCKEE ROAD, UPATOI, GEORGIA 31829 ("Property"), said Security Deed being recorded on January 5, 2012 at Deed Book 1216 / Page 426, of the Harris County, Georgia land records, all of which Debtor executed in favor of the Original Lender on December 27, 2011. True and correct copies of the Security Deed and Note are attached hereto as Exhibits "A" and "B," respectively.

2.

Through the Security Deed, the Original Lender acquired a secured interest in the Property, together with all improvements, easements, rights, appurtenances and fixtures on the Property.

3.

On or about May 3, 2013, Original Lender assigned all of its right, title, and interest in the Security Deed to Mortgage Investors Corporation.  On or about November 16, 2013, Mortgage Investors Corporation assigned all of its right, title, and interest in the Security Deed to Movant.  True and accurate copy of the Assignments are attached collectively hereto as Exhibit "C".

4.

The Noteholder has the right to foreclose because Noteholder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan.  Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to Noteholder or has been duly endorsed.

5.

Movant's secured interest in the Property is perfected and continuing.

6.

Debtors filed a voluntary Chapter 13 bankruptcy petition in this Court on April 11, 2013.

7.

Trustee is named as a respondent solely in her official capacity.

8.

Debtors were, at the time of said Chapter 13 petition, and are now the owner of the Property.

9.

Pursuant to the terms of the Loan documents and the Note and Security Deed, the Debtors have been required to make direct payments to Movant at the standard post petition rate of $2,158.07 each month.

10.

Debtors have defaulted in making payments which have come due since this case was filed.  As of October 4, 2016, Debtor has a post-petition deficiency of $9,658.28. This figure is comprised of four (4) post petition mortgage payments in the amount of $2,158.07 each; plus attorney's fees and costs in the amount of $1,026.00.

11.

As of October 4, 2016, the principal amount due Movant under the Loan documents and the Note and Security Deed is $383,072.35, plus interest, late charges, attorney's fees and costs.

12.

The automatic stay provided by Section 362(a) of the Bankruptcy Code prevents Movant from enforcing its lawful foreclosure rights against the Property pursuant to its Security Deed.

13.

Section 362(d) of the Bankruptcy Code requires a Court to grant relief from the automatic

stay by terminating, modifying or annulling the stay, for cause, including the lack of adequate protection of a lien holder's interest in its collateral.

14.

Movant does not have adequate protection of its interest in the Property because the Debtors have failed to comply with the terms of the Loan documents and the Note and Security Deed.  Consequently, cause exists to grant Movant relief from the automatic stay so that Movant may exercise its remedies under the Security Deed and applicable state law with regard to the enforcement of its debt against the Property.

15.

Debtors also have no equity in the Property and has asserted no equity in the Property, so that Movant does not have, and cannot be given, adequate protection of its interest in the Property.

16.

If Movant is not permitted to exercise it legal rights against the Property pursuant to its Security Deed, Movant will suffer irreparable injury, loss and damage.

17.

Movant requests a waiver of the 30-day requirement under § 362(e).

WHEREFORE, Movant respectfully prays and requests of this Court as follows:

(a)      that the Automatic Stay pursuant to 11 U.S.C. § 362 be modified so as to permit the Movant to exercise its right to foreclose its secured property under the terms of the Note and Security Deed and to send notices as required by state law; or, in the alternative, Movant at its option be permitted to contact the Debtors via telephone or written correspondence to offer, provide or enter into any potential forbearance agreement, loan modification, refinance

agreement or other loan workout or loss mitigation agreement including a deed in lieu of foreclosure as allowed by state law; and

(b)    that the terms of Bankruptcy Rule 4001(a)(3) be waived so that Movant may immediately enforce and implement the Order granting relief from the Automatic Stay; and

(c)  that the terms of Bankruptcy Rule 3002.1 be waived so that Movant is relieved from complying with the rule if this Motion is granted; and

(d)    that the costs and fees associated with filing and prosecution of this Motion by Movant, including, but not limited to Movant's attorney fees and the associated filing fee, be borne by Debtors; and

(e)    that Movant, through its agents, servicers and representatives is/are permitted to contact Debtor(s) and/or Debtor's counsel for the purpose of engaging in discussions and consideration for possible loss mitigation options, solutions and/or resolutions with regard to the underlying mortgage and note, including, but not limited to loan modification or other loss mitigation alternatives; and

(f)    that Movant be granted any such other and further relief as this Court may deem just and proper.

Dated: October 7, 2016

Respectfully submitted

WEISSMAN

**_/S/ C. Brent Wardrop_____**
C. Brent Wardrop
Georgia Bar No. 553733
Weissman
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
Tel.: 404-926-4500 / Fax: 404-926-4600
brentw@weissman.law
ATTORNEYS FOR MOVANT

## <u>CERTIFICATE OF SERVICE</u>

I, C. Brent Wardrop, certify that I am over the age of 18 and that on this date, I served a

copy of the foregoing **Notice of Hearing and Motion for Relief from Automatic Stay** by First

Class United Stated Mail, with adequate postage prepaid, on the following persons or entities at

the addresses stated:

<table>
<tr>
<td>
Orlando Brent Tasby<br>
2510 McKee Road<br>
Upatoi, GA 31829<br>
<br>
Camelle Denise Tasby<br>
2510 McKee Road<br>
Upatoi, GA 31829<br>
<br>
Valerie G. Long<br>
Arey, Long and Cross<br>
4800 Armour Road<br>
P.O. Box 8641<br>
Columbus, GA 31908
</td>
<td>
Kristin Hurst<br>
Office of the Chapter 13 Trustee<br>
P.O. Box 1907<br>
Columbus, GA 31902-1907<br>
<br>
U.S. Trustee - MAC<br>
440 Martin Luther King Jr. Boulevard<br>
Suite 302<br>
Macon, GA 31201
</td>
</tr>
</table>

Dated: October 7, 2016

**/S/ C. Brent Wardrop_____**
C. Brent Wardrop
Georgia Bar No. 553733
Weissman
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
Tel.: 404-926-4500 / Fax: 404-926-4600
brentw@weissman.law
ATTORNEYS FOR MOVANT